Dear Mr. Holmes:
Our office received an opinion request from you concerning the authority of the Division of Administration (DOA) to adopt rules and regulations for the purposes of sponsoring a qualified 403(b) plan (I.R.C. § 403(b)), which would authorize the DOA to enter into an inter-agency agreement with state agencies which, pursuant to recent changes in the regulations for providing a 403(b) plan, would permit the continued sale of 403(b) investment products to qualified employees. This opinion has been assigned to me for review and response.
The facts you have presented are as follows: In previous years, qualified employees of the Department of Education, the Board of Elementary and Secondary Education, the Board of Regents, the Recovery School District, and the University of Louisiana System Board of Supervisors have been able to purchase 403(b) tax shelter annuities through voluntary payroll deductions. Payroll deductions on the ISIS Human Resource Payroll System are administered by the DOA, Office of State Uniform Payroll (OSUP). Under current rules, employees of the participating agencies authorize deductions through OSUP on an individual basis and the deductions are forwarded directly to the selected 403(b) investment vendors by OSUP. The IRS has recently issued regulations that require an employer to develop and adopt a plan document. An employer may be a state agency or an instrumentality thereof. If an employer fails to sponsor the 403(b) plan, then the participating employees will lose their tax exempt status.
You have provided your interpretation of the IRS rules as allowing several unrelated state agencies to participate in one state-sponsored plan, and that the plan sponsor is responsible for monitoring the plan, but neither is responsible for making contributions *Page 2 
nor is it responsible as an Employee Retirement Income Security Act (ERISA) fiduciary for an employee's financial losses. The plan sponsor is, however, responsible for monitoring the plan for IRS compliance. Monitoring is typically performed by a third party administrator working in conjunction with the 403(b) plan vendors. The monitoring function can be performed at no cost to the sponsor. Participants are not subject to an administrative fee for participating in this plan.
The DOA would like to adopt rules and regulations pursuant to La.R.S. 42:455 and La.R.S. 42:456 for the purpose of sponsoring a qualified 403(b) plan which would allow the DOA to enter into inter-agency agreements with state agencies who wish to participate and allow contributions from qualified employees through voluntary employee payroll deductions. The agencies wishing to participate would enter into an inter-agency agreement of cooperation and would appoint members who are responsible for contracting with a plan monitor to oversee IRS compliance, and to establish a process within the DOA adopted guidelines for evaluating and accepting investment vendors and products. OSUP would continue to act as the payroll agent for the participating agencies and would continue to direct payroll deductions to the appropriate vendors.
You have asked us for an opinion as to whether the DOA has the legal authority to permit an inter-agency agreement through regulation which will sponsor a 403(b) plan, and thus allow the continued sale of 403(b) investment products to qualified employees.
As an initial matter, we understand that you are not seeking our interpretation of the Internal Revenue Code, and are asking for our opinion on an issue in state law based on the understanding of federal law as you have provided. For this reason, this opinion does not address the validity of your understanding of the IRC requirements and guidelines.
La.R.S. 42:455 provides, in pertinent part:
Authority for payroll deductions not otherwise provided by statute shall be governed by rules promulgated by the division of administration and administered by the state payroll office.
The language of La.R.S. 42:456, titled "Permitted Withholdings," provides:
A. Payroll deductions shall be authorized only for the following: (1) Mandated federal or state income withholdings, credit unions, garnishments, liens, union dues, savings bonds programs, qualified United Way entities, health and life insurance products offered through the Office of Group Benefits, and products having state participating contributions, sponsored by the Office of Group Benefits, which qualify and are offered under Section 125 of the Internal Revenue Code (Cafeteria Plan). *Page 3 
(2) Products offered without state contributory participation which have been evaluated and approved in accordance with rules and procedures promulgated by the commissioner of administration.
B. Except for deductions required by law, no withholding may be made from the earnings of any employee for the purposes permitted by this Section unless the withholding is specifically and voluntarily authorized by the employee in writing. Any amount withheld in accordance with the provisions of this Section shall be remitted to the organization designated on a regularly scheduled basis as prescribed by rules promulgated by the division of administration and administered by the state payroll office as provided in R.S. 42:455.
The clear language of La.R.S. 42:455 provides that payroll deductions not otherwise provided by statute shall be governed by rules and regulations promulgated by the division of administration and administered by the state payroll office. The language of the statute is clear and unambiguous and its application does not lead to absurd consequences, thus the law shall be applied as written. La.C.C. art. 9. Further, the use of the word "shall" by the legislature is mandatory, which indicates any authority for payroll deductions must be governed by rules promulgated by the DOA and administered by OSUP. La.R.S. 1:3. It is the opinion of this office that the legislature was clear and unambiguous in stating that, pursuant to La.R.S. 42:455, the DOA has the authority to promulgate rules and regulations sponsoring a qualified 403(b) plan, which would allow payroll deductions administered by OSUP which are not otherwise provided by statute. Therefore, the remaining issue to resolve is whether the DOA has the authority to enter into an inter-agency agreement with state agencies which would allow the continued sale of qualified 403(b) investment products to qualified employees. Although La.R.S. 42:455 does not specifically grant the authority to enter into an inter-agency agreement, there are other provisions of state law that allow the DOA to enter into such an inter-agency agreement relating to a 403(b) plan administered by OSUP.
You have described this plan as including the opportunity for agencies who wish to participate to enter into an inter-agency agreement of cooperation. The ability of agencies to enter into such an agreement for a public purpose is provided for by La.Const. art. VII, § 14(C), which provides:
For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Additionally, La.R.S. 33:3902.2 provides, in pertinent part:
In addition to the general authority to enter into cooperative endeavor agreements under Article VII, Section 14(C) of the Constitution, the state through the commissioner of administration may enter into cooperative *Page 4 
endeavor agreements with political subdivisions, the United States or its agencies, or with any public or private association, corporation, or individual to achieve a public purpose, including but not limited to enhancing or maintaining the economic well-being of the state, which agreement may or may not contemplate the issuance of bonds . . .
Considering the authority of the DOA to promulgate rules and regulations concerning payroll deductions and the ability of agencies to enter into cooperative endeavors with each other, it is the opinion of this office that the DOA may adopt rules and regulations for the purpose of sponsoring a qualified 403(b) investment plan, which would authorize the DOA to enter into inter-agency agreements with state agencies which would allow for the continued sale of 403(b) investment products to qualified employees.
In conclusion, the Division of Administration is legally authorized to adopt rules and regulations pursuant to La.R.S. 42:455 and La.R.S. 42:456 for the purposes of sponsoring a qualified 403(b) investment plan (I.R.C. § 403(b)), which also authorizes the Division of Administration to enter into inter-agency agreements with state agencies allowing for the continued sale of 403(b) investment products to qualified employees.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC:EAB